Rehearing granted, May 20, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4950

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBIELL DEANGELO JAMES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.   Margaret B. Seymour, District Judge.  (CR-03-148)

Submitted:  September 29, 2004        Decided:  December 13, 2004

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Beattie B. Ashmore, PRICE, PASCHAL & ASHMORE, P.A., Greenville, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robiell Deangelo James pled guilty to possession of five grams or more of cocaine base (crack) with intent to distribute, 21 U.S.C. § 841(a), (b)(1)(B) (2000), and was sentenced to a term of 168 months imprisonment. James contends on appeal that the district court clearly erred in finding that he was responsible for 213.45 grams of crack for sentencing purposes, U.S. Sentencing Guidelines Manual § 2D1.1 (2002), and in failing to state a reason for imposing the particular sentence when the guideline range exceeded twenty-four months as required under 18 U.S.C.A. § 3553(c)(1) (West Supp. 2004). He also claims that the government's failure to produce a confidential informant at the sentencing hearing violated his Sixth Amendment right to confront witnesses, and that his sentence is invalid under Blakely v. Washington, 124 S. Ct. 2531 (2004). We affirm.

On September 18, 2002, drug enforcement agents arrested Rosalia Demetria Choice, who had been selling drugs and firearms in Clinton, South Carolina. Choice agreed to cooperate and identified James as her source for crack. She said she had been buying crack from him since March 2002, had gone to his residence to buy crack about seventy-five times, and had bought about 1.5 ounces of crack each time. Choice then made a controlled purchase of 47.6 grams of crack from James and paid him $600 in recorded funds for crack he had previously fronted her. Shortly afterward, law enforcement

- 2 -

officers executed a search warrant at James' apartment, where they seized $3992 in cash, including the $600 in recorded funds, numerous firearms, and a small amount of marijuana. No additional crack was found in James' apartment.

James was charged with possession of more than five grams of crack with intent to distribute and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug offense. He pled guilty to the drug offense but went to trial on the 18 U.S.C. § 924(c) (2000) count. At his guilty plea hearing, James admitted that he sold approximately 46 grams of crack to Choice on September 18, 2002. Pursuant to the plea agreement, he agreed to forfeit the $3992 recovered from his apartment as the proceeds of drug sales. James was acquitted of the § 924(c) charge after a bench trial. Choice and several officers testified at James' trial; their testimony principally concerned his firearms.

Based on information from Choice, the probation officer attributed 3.4 kilograms of crack to James as relevant conduct and recommended a base offense level of 38 under USSG § 2D1.1. The probation officer's calculation drew upon Choice's post-arrest statement. The probation officer also subtracted the $600 in recorded funds from the $3992 seized from James' apartment and converted the remaining $3392 to an equivalent quantity of crack,

using a price of $1000 per ounce provided by the Drug Enforcement Administration.

James objected that he was responsible only for 46.35 grams of crack, that Choice was not a credible witness concerning other amounts, and that there was no evidence the money recovered from his apartment was drug proceeds.

At the first sentencing hearing in November 2003, the district court initially eliminated certain drug amounts from the relevant conduct total to avoid double counting, decided that Choice was a credible witness, and determined that James was responsible for 3.33 kilograms of crack. However, before imposing sentence, the court had second thoughts and decided that it would rely solely on Choice's trial testimony rather than her post-arrest statement to law enforcement authorities. The court continued sentencing so that a transcript of Choice's testimony could be prepared.

When sentencing resumed in December 2003, it became clear from the trial transcript that Choice had testified she went to James' residence to buy crack from him about seventy-five times, but her testimony did not establish how much crack she purchased. The court then determined that James was responsible for 213.45 grams of crack, an amount that gave him a base offense level of 34 and a guideline range of 135-168 months.

On appeal, James points out that the district court did not explain how it determined that he was responsible for 213.45 grams of crack. We agree that the court's calculation is difficult to glean from the record. However, we conclude from the court's discussion that it considered only the 46.35 grams James sold Choice in the controlled transaction on September 18 and converted the seized $3392 at a rate of $600 per ounce rather than $1000 per ounce. The sum of those amounts, 206.53 grams of crack, is more than enough to give James a base offense level of 34.

Although James argues that a co-participant in criminal activity is generally not a reliable witness, it is very clear from the transcript that the district court did not rely on information derived from Choice for its final determination of the drug amount. James also maintains that the $3392 was erroneously treated as drug proceeds; however, he conceded as much in his plea agreement when he agreed to forfeit the money because it was subject to forfeiture as charged in the indictment. The forfeiture provision of the indictment charged that "[a]ll proceeds of the offenses charged in Counts 1 and 2 . . . approximately $3992.00 in United States currency" were forfeitable because "such proceeds were received in exchange for controlled substances. . . ." On balance, we conclude that the record provides ample evidence for a finding that James sold at least 150 grams of crack.

Pursuant to 18 U.S.C.A. § 3553(c)(1), a sentencing court must state in open court its reasons for imposition of the particular sentence when the guideline range exceeds twenty-four months, as it did in this case. The court failed to comply with this statutory requirement, but its error in not orally stating its reason for imposing a sentence of 168 months is reviewed under the plain error standard because James failed to object to the form of the sentence when the court inquired whether there was any objection. Under the plain error test, United States v. Olano, 507 U.S. 725, 732-37 (1993), a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even when these conditions are satisfied, this Court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted); United States v. Mackins, 315 F.3d 399, 406 (4th Cir.), cert. denied, 538 U.S. 1045 (2003).

We cannot say in this case that the court's failure to provide reasons for its sentence under § 3553(c)(1) requires correction where trial counsel neither objected to the form of the sentence, although the court invited comment, nor demanded a statement of reasons.

James next argues that the government's failure to produce Choice as a witness at sentencing so that his attorney

could cross-examine her about the amount of crack she bought from him violated his Sixth Amendment right to confront witnesses.  This claim is meritless because the right of confrontation does not extend to sentencing proceedings.  <u>Szabo v. Walls</u>, 313 F.3d 392, 398 (7th Cir. 2002) (citing <u>Williams v. New York</u>, 337 U.S. 241 (1949)).

Finally, James contends that resentencing is required under <u>Blakely</u> because his sentence was enhanced based on facts found by the district court rather than facts he admitted or facts submitted to a jury.  This claim is meritless because we recently held that <u>Blakely</u> "does not affect the operation of the federal sentencing guidelines."  <u>United States v. Hammoud</u>, ___ F.3d ___, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (en banc).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>