**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4557**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBIELL DEANGELO JAMES,

Defendant - Appellant,

and

ACE BONDING,

Party in Interest.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Margaret B. Seymour, District
Judge.  (6:03-cr-000148-MBS)

_____

Submitted:  January 31, 2007        Decided:  March 5, 2007

_____

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Beattie B. Ashmore, PRICE, PASCHAL & ASHMORE, P.A., Greenville,
South Carolina, for Appellant. Reginald I. Lloyd, United States
Attorney, E. Jean Howard, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robiell Deangelo James pled guilty to possession of more than five grams of crack with intent to distribute, 21 U.S.C.A. § 841 (West 1999 & Supp. 2006), and was sentenced to a term of 168 months imprisonment. On the same day as his guilty plea, James was acquitted of violating 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006), in a bench trial. We affirmed James' sentence, United States v. James, 118 F. App'x 686 (4th Cir. 2004) (No. 03-4950), but on rehearing we vacated the sentence and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. James, 132 F. App'x 436 (4th Cir. 2005) (No. 03-4950). On remand, the district court again imposed a sentence of 168 months imprisonment. James appeals the sentence, again contending that the district court clearly erred in determining that he was responsible, for sentencing purposes, for 213.45 grams of crack, an amount that gave him a base offense level of 34. U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2005) (150-500 grams of crack). He also argues that his sentence is unreasonable. We affirm.

When the facts are disputed, the district court's determination of the drug amount attributable to the defendant is reviewed for clear error. United States v. Fullilove, 388 F.3d 104, 106 (4th Cir. 2004). James argues that the district court failed to explain adequately how it arrived at 213.45 grams of

crack at either sentencing hearing, that the evidence did not support a finding that he was responsible for more than the approximately 46 grams of crack he admitted distributing when he entered his guilty plea, and that the court erred in converting $3992 in cash found in his home to crack. We agree that the district court's method of calculating 213.45 grams was never made clear on the record, and is not immediately evident from the information before the court. We cannot say, however, that the district court clearly erred in concluding that a base offense level of 34 applied, because undisputed evidence before the court supported a finding that James was responsible for distributing more than 150 grams of crack.

First, James admitted that he distributed approximately 46 grams of crack to confidential informant Rosalia Choice on September 18, 2002, in a recorded transaction. Second, in the same recorded transaction, Choice paid James $600 in recorded funds for crack he had previously fronted to her. Third, James stipulated at his guilty plea hearing that $3992 which was seized in a search of his house on September 18, 2002, was the proceeds of drug sales. This amount included the $600 in recorded funds supplied to Choice before the controlled transaction. If the whole $3992 is converted to crack using the price of $1000 per ounce that the Drug Enforcement Administration recommended to the probation officer, and which James argues should have been used by the district court,

the money converts to 113 grams of crack. This amount, added to the 46 grams of crack James admitted selling at the Rule 11 hearing, produces a total of 159 grams of crack. James did not dispute that, during the controlled transaction, he accepted $600 from Choice for crack previously fronted to her. Therefore, using the most conservative calculation, and one which does not rely on any unproven allegations made by Choice, we conclude that a base offense level of 34 was properly applied.

James also maintains that his sentence is unreasonable. We review a post-Booker sentence "to determine whether the sentence is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006) (citations omitted). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.A.] § 3553(a) [West 2000 & Supp. 2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 21, 2006) (No. 06-5439).

A post-Booker sentence may be unreasonable for procedural and substantive reasons. "A sentence may be procedurally

unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Moreland, 437 F.3d at 434 (citations omitted). "[A] district court's explanation should provide some indication (1) that the court considered the § 3553(a) factors with respect to the particular defendant; and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." Montes-Pineda, 445 F.3d at 380 (citations omitted). "[I]n determining whether there has been an adequate explanation, [this Court does] not evaluate a court's sentencing statements in a vacuum." Id. at 381. Rather, "[t]he context surrounding a district court's explanation may imbue it with enough content for [this Court] to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." Id.

Here, the district court stated that it had considered the § 3553(a) factors before the sentence was imposed. James attempts to rebut the presumption of reasonableness by asserting that the district court failed to "meaningfully" consider the following § 3553(a) factors: (1) he had no prior offenses that were counted in his criminal history; (2) he had a good record during his incarceration and had completed numerous classes; (3) he had

strong family ties; (4) he had accepted responsibility for the drug offense; and (5) he had been acquitted of the firearm charge. We conclude that none of these factors is sufficient to rebut the presumption that his sentence is reasonable.

We therefore affirm the sentence imposed by the district court. We grant James' motion for leave to file a supplemental brief, but find no merit in the issues he raises. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED